UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| HARRY L. BATISTE,<br><br>　　　　　　　　Plaintiff,<br><br>vs.<br><br>COMMISSIONER WILLIAMS, et al.,<br><br>　　　　　　　　Defendants. | Case No. 2:11-cv-01291-PMP-PAL<br><br>**ORDER**<br><br>(IFP App - Dkt. #3) |

　　　　Plaintiff Harry L. Batiste is proceeding in this action *pro se*, has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis* and submitted a Complaint. This proceeding was referred to this court by Local Rule IB 1-9.

**I.**　　***In Forma Pauperis* Application**

　　　　Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.**　　**Screening the Complaint**

　　　　Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

1    Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted.  Review under Rule 12(b)(6) is essentially a ruling on a question of law.  *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000).  A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007).  Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions.  *Iqbal*, 129 S.Ct. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice.  *Id.* at 1949.  Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed.  *Twombly,* 550 U.S. at 570.

**A.    Factual Allegations.**

Plaintiff's Complaint attempts to state a claim for a violation of his constitutional rights under 42 U.S.C. § 1983.  To state a claim under section 1983, a plaintiff must allege that a right secured by the Constitution has been violated, and the deprivation was committed by a person acting under color of state law.  *West v. Atkins*, 487 U.S. 42 (1988) (citation omitted).  States and state officers sued in their official capacity are not "persons" for the purposes of a section 1983 action, and generally, they may not be sued under the statute.  *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989).  Section 1983 does allow suits against state officers in their individual capacities.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991).  Municipal officers may be sued in their official capacities, but the plaintiff must prove that any constitutional violations occurred as a result of an official policy or custom, *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690 (1978), or through a failure to train municipal employees adequately, *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989).

Plaintiff's Complaint alleges that on August 10, 2009, Metro Police told him it was unlawful to sleep on the street and made him move off the sidewalk.  He contends that after that date, Metro Police allowed others to block the sidewalk on other side of the street, Foremaster Lane, in front of St. Vincent

1  Catholic Charities.  He claims the Defendants violated his rights and the rights of others by ignoring a
2  ruling of the Nevada Supreme Court, "therefore violating the rule of the Court and the law of Clark
3  County."  He appears to argue that his Fourteenth Amendment equal protection rights were violated
4  because the Defendants allowed "bags and bodges [sic] to continue to block the other side of the street
5  sidewalk for St. Vincent Catholic Cherrity [sic] customers all day long."

   **B.**  **Applicable Law & Analysis.**

     **1.**   **Equal Protection.**

   The purpose of the equal protection clause of the Fourteenth Amendment is to prevent intentional and arbitrary discrimination.  *See Engquist v. Oregon Dept. of Ag.,* 553 U.S. 591, 611 (2008) (*citing Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000)).  In order to state a claim for a violation of the Fourteenth Amendment's equal protection clause, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against a plaintiff based on his or her membership in a protected class (*i.e.*, race, religion, gender).  *See Barren v. Harrington,* 152 F.3d 1193, 1194 (9th Cir. 1998).  To show discriminatory purpose, a plaintiff must establish that the decision maker chose or reaffirmed a particular course of action at least in part "because of," not merely "in spite of," its adverse effects upon a certain group.  *Id.* (*citing Wayte v. United States,* 470 U.S. 598, 610 (1985)).

   Homeless people do not belong to a protected class, and sleeping in a public place is not a fundamental right protected by the Constitution.  *See Joel v. City of Orlando,* 232 F.3d 1353, 1357 (11th Cir. 2000), *cert. denied,* 523 U.S. 978 (2001); *D'Aquanno v. Gallagher*, 50 F.3d 877, 879 n.2 (11th Cir. 1995); *Kreimer v. Bureau of Police,* 958 F.2d 1242, 1269 n. 36 (3d Cir. 1992); *Davidson v. City of Tucson,* 924 F.Supp. 989, 993 (D. Ariz. 1996); *Joyce v. City and County of San Francisco*, 846 F.Supp. 843, 859 (N.D. Cal. 1994); *Johnson v. City of Dallas*, 860 F.Supp. 344, 355 (N.D. Tex. 1994), *rev'd on other grounds,* 61 F.3d 442 (5th Cir. 1995); *State of Hawaii v. Sturch*, 921 P.2d 1170, 1176 (Haw. Ct. App. 1996) (noting there is "no authority supporting a constitutional right to sleep in a public place" unless it is expressive conduct within the ambit of the First Amendment or is protected by other fundamental rights); *but see Pottinger v. City of Miami*, 810 F.Supp. 1551, 1578 (S.D. Fla. 1992) (indicating in dicta that homelessness might be a suspect classification).  Although the Supreme Court

has not directly ruled on the issue, it has held that classifications based upon wealth or housing are not suspect. *See generally Kadrmas*, 487 U.S. 450 (wealth); *Lindsey v. Normet*, 405 U.S. 56 (1972) (housing).

As an initial matter, Plaintiff has not stated whether the sidewalk where he was sleeping was a public sidewalk or whether it was privately-owned. If the sidewalk was privately-owned, then Plaintiff is not constitutionally entitled to trespass, even to sleep. *See, e.g., Bray v. Alexandria Women's Health Clinic,* 506 U.S. 263, 286 (1993) (noting that trespassing on private property is unlawful in every state and can be prosecuted criminally and civilly, and the enforcement of trespass laws does not give rise to a federal cause of action even where trespass undertaken in name of free speech). If the sidewalk is public, Plaintiff is entitled to constitutional protection if he was exercising a fundamental right.

Plaintiff does not challenge the constitutionality of any city ordinance or state statute, either facially or as applied. Rather, he appears to claim was denied equal protection of the laws because the police treated him differently than other people who occupy the sidewalk in front of St. Vincent Catholic Charity. However, as set forth above, homelessness is not a protected class under the equal protection clause. Furthermore, Plaintiff has not alleged the police asked him to leave the sidewalk because they were motivated by a discriminatory purpose. He does not contend that he was sleeping in public for any expressive purpose that may be protected by the First Amendment or otherwise exercising a fundamental right. As a result, his claim for violation of his equal protection rights will be dismissed, with leave to amend.

**2.     Municipal Liability Claim.**

Plaintiff cannot state a municipal liability claim against the City of Las Vegas by naming "Metro Police" as a Defendant rather than any individual officers. Local governments, such as municipalities, can be sued under § 1983, but only for "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers" or for a "governmental 'custom' even though such a custom has not received formal approval through the body's official decision[-]making channels." *Monell v. Dept. of Soc. Serv. of City of N.Y.*, 436 U.S. 658, 690-91 (1978). He has not, however, alleged the existence of any policy or custom that infringes on his constitutional rights. Moreover, he

///

has not asserted that any alleged constitutional violation occurred as a result of an official policy or custom or by failure to train municipal employees.

### 3. Substantive Due Process.

Plaintiff may also be asserting that the statute or city ordinance prohibiting him from sleeping on the sidewalk violates his substantive due process rights. The Fourteenth Amendment provides that no state shall deprive its citizens of life, liberty, or property without due process of law. Substantive due process prevents the government from engaging in conduct that "shocks the conscience" or interferes with rights "implicit in the concept of ordered liberty." *See U.S. v. Salerno*, 481 U.S. 739, 742 (1987) (internal citations omitted). However, in *Roulette v. City of Seattle,* the Ninth Circuit rejected a constitutional challenge to a statute prohibiting sitting or lying on a public sidewalk during the hours of 7 a.m. and 9 p.m. on due process grounds, finding the statute did not, on its face, violate the substantive due process provision of the Fourteenth Amendment. 97 F.3d 300, 305 (9th Cir. 1996). Therefore, to the extent Plaintiff is claiming the statute prohibiting him from sleeping on the sidewalk is a violation of his substantive due process rights, that claim will also be dismissed.

### 4. Previous Nevada Supreme Court Case Law.

With respect to Plaintiff's claims that the police's conduct violates "the rule of the Court and the law of Clark County," that claim must also be dismissed. Initially, the court notes that Plaintiff has not specified the ruling of the Nevada Supreme Court to which he is referring. The court's own research has determined that in 1992, the Nevada Supreme Court ruled that several provisions of the Las Vegas Municipal Code and the Nevada Revised Statutes (namely, 10.74.010 and 10.74.020–which prohibit loitering or prowling on another's private property without having lawful business with the owner of the property–as well as NRS 207.030–which defines "vagrant" and criminalizes vagrancy) were unconstitutionally vague under the due process clauses of the Nevada and federal Constitutions and could not be enforced. *See State v. Richard,* 836 P.2d 622 (Nev. 1992). However, in 2010, the Nevada Supreme Court abrogated its decision in *Richard*, finding that the two tests for vagueness of a criminal law are independent and alternative, not conjunctive. *State v. Casteneda*, 245 P.3d 550, 553 (Nev. 2010). Additionally, since the *Richard* case, the Nevada legislature has re-written NRS 207.030 to include the specific acts for which a person is criminally liable to address the Nevada Supreme Court's

ruling that punishing people for their status as a vagrant is unconstitutional. Additionally, Plaintiff has not alleged that he was cited under either NRS 207.030 or Las Vegas Municipal Code §§ 10.74.010 or 10.74.020. There are other applicable code sections the police may have been enforcing when they told Plaintiff he could not sleep on the sidewalk. For example, Las Vegas Municipal Code § 10.47.010 prohibits, among other things, the obstruction of pedestrian traffic by laying in such a manner as to block another person from passing. Accordingly, Plaintiff has not set forth a claim upon which relief can be granted concerning his assertion that the police violated a ruling of the Nevada Supreme Court applying state and federal constitutional principles.

### 5. Plaintiff's Remaining Claims.

Finally, the caption of Plaintiff's Complaint lists Commissioner Williams, Sheriff Gillespie, Deputy Chief Schofield, Lieutenant Snotgrass, Sergeant Cindy Rodriguez, and Alison for Las Vegas Metro Police for the Homeless, and Annie Wilson. However, his Complaint contains no factual allegations against any of these individual Defendants, and it does not state how any of the individually-named Defendants have violated his rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff has not identified anything any of these Defendants did to violate his constitutional rights, and he has not supported his claim with factual allegations about each Defendant's actions.

Accordingly, Plaintiff's Complaint will be dismissed with leave to amend. If Plaintiff elects to proceed in this action by filing an amended complaint, he is advised that he should specifically identify each Defendant to the best of his ability and support each claim with factual allegations about each Defendant's actions. Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. *See Swierkeiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002); Fed. R. Civ. P. 8.

The court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended

complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each Defendant must be sufficiently alleged.

Based on the foregoing,

**IT IS ORDERED:**

1. Plaintiff's request to proceed *in forma pauperis* is GRANTED. Plaintiff shall not be required to pay the filing fee of three hundred fifty dollars ($350.00).

2. Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

3. The Clerk of the Court shall file the Complaint.

4. Plaintiff's Complaint is DISMISSED WITH LEAVE TO AMEND.

5. Plaintiff shall have until **February 23, 2012,** to file his amended complaint, if he believes he can correct the noted deficiencies. The amended complaint must be a complete document in and of itself, and will supersede the original complaint in its entirety. Any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint will no longer be before the court.

6. Plaintiff shall clearly title the amended complaint as such by placing the words "FIRST AMENDED COMPLAINT" on page 1 in the caption, and Plaintiff shall place the case number, **2:11-cv-01291-PMP-PAL**, above the words "FIRST AMENDED"in the space for "Case No."

7. Plaintiff is expressly cautioned that if he does not timely file an amended complaint in compliance with this order, this case may be immediately dismissed.

Dated this 24th day of January, 2012.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE